(Hamilton Co., O., Probate Court.)

THE CITY OF CINCINNATI v. HANNAH G. THRALL et al.

---

(1). When a municipal corporation has begun proceedings to appropriate real estate, the corporation counsel or city solicitor has authority to dismiss the action, with or without the specific direction of the legislative boards of the city.

(2). When such dismissal is had, the court may include in the costs assessed against the city such compensation to the property owner for counsel fees and other expenses, as the court deems just.

---

The city of Cincinnati passed the statutory resolution and ordinance for the condemnation of certain real estate, the property of defendants, for the purpose of extending Middleton avenue. The condemnation ordinance directed the corporation counsel to bring the necessary action for the appropriation of this property. Notice was served upon the defendants as required by law.

Pursuant to this legislation, the corporation counsel brought this action for the condemnation of the property described in the resolution and ordinance. The defendants appeared by counsel and a jury was impaneled to try the cause. At this stage in the proceedings it became apparent to the corporation counsel that by making a change in the lines of the proposed extension of Middleton avenue, a satisfactory street could be built at a probably very much lower cost. He thereupon asked leave of court to dismiss this action. The defendants by their counsel resisted said dismissal, and the case at the request of the corporation counsel was adjourned to the following day. During this interval the board of city affairs and the board of legislation of the city both passed resolutions directing the corporation counsel to dismiss this action, and at the next session of the court these were presented by him to the court and the application renewed for leave to dismiss. Thereupon the following opinion was rendered.

FERRIS, J.

The statements of counsel on yesterday, necessitated an examination by this court of the law appertaining to the right of the party plaintiff to dismiss his application at a time when the question of compensation had not been submitted to the jury, and before any testimony had been introduced, but after certain expenses had been made incident to the preparation of the case for trial.

The statute furnishes the clearest authority upon the plaintiff to dismiss his action, leaving it to the discretion of the court to determine the conditions under which such dismissal shall be had.

Sections 196 and 197, and sec. 198 and 199, of Randolph on Eminent Domain, discuss learnedly and forcibly the reason of the right. It will not be contended that it is necessary to examine into the reason of the thing, however, when we read the statute that apparently governs the case. But there is no question as to the right under the statute, in my judgment, on the part of the corporation counsel to dismiss an action without the intervention of the boards whose authority is limited and defined by statute, and the concurrent action of which boards is the condition prece-

dent to the bringing of an action of this character.

In the case at bar we are not left to discuss the rights of the corporation counsel of the city of Cincinnati to dismiss, on his own motion, an action of this character, for it is in evidence that the board of administration as well as the board of legislation, by unanimous agreement, determined to take such steps as would cause a dismissal of this action by this court. Having the inherent power conferred by statute to bring the action, it would be a travesty upon the rights of these boards to say that they did not have the power of dismissal.

But there is a question that arises, evidently contemplated by the legislature, as to the conditions of the dismissal, and to this point the court desires to turn its attention.

The statute provides that after a jury shall have determined the market value of the premises, it is incumbent upon the appropriating power to determine within a period of six months, whether it should elect to take the property at the value fixed by the jury, or, refusing to take such property at such valuation, it becomes incumbent to make the property owner whole by the payment of such a sum as will recompense him from whatever loss he may have sustained in and about the preparation for trial of the suit, made necessary by the appropriating party. This is simple justice. The party having been brought into court against his own will, and expense having been incurred thereby, to the end that a proper showing should be made to the jury that would give to the party his constitutional right, and the city or appropriating party having failed to exercise the privilege conferred by the statute, it is only right and just that the party should be made whole for whatever loss he may have sustained.

This, however, is to be determined by the express statute only when the city or appropriating party, be it a corporation municpal or otherwise, shall have failed or neglected to have exercised the right to take the property at the valuation fixed by the jury within six months. Here however, the court is to determine whether in the matter of dismissal before the verdict shall have been reached, it is within the discretion of the court to determine the conditions of dismissal

Undoubtedly this must be true. The principle involved is exactly the same in my judgment, as though the jury had returned its verdict and six months had elapsed, and a failure were had to take the property. For, by the proceedings taken by the boards having the authority to require a proceeding of this character, the property owner having been notified properly for trial, was subjected to the expense necessary for a proper hearing of the case, to the end that this jury should be properly advised of the market value of the property together with the improvements thereon, and whatever loss should be sustained by reason of the taking of this property, in a proceeding that was brought in this court.

Such preparation necessitated an expense, and, in the judgment of the court, in order to make these parties perfectly whole and to put them into the same relative position occupied by them prior to the time that the city by its action rendered the expense necessary, it is only right and proper that whatever reasonable expense was incurred in the preparation of this trial, together with the costs accruing in this court, should be paid by the city of Cincinnati.

The entry of dismissal will be made, and opportunity given to the property owners to show to this court what expense was incurred by them, and an endeavor will be made to ascertain what amount will make them whole, and such amount will be included as a part of the cost bill in this action.

Ellis G. Kinkead, Wade H. Ellis, Corporation Counsel.

Frederick Hertenstein, for Defendant.